JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

*E-filing*

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

~~JAMES PARRIS~~   ANNA PRICE, etc. et al.

**DEFENDANTS**

GENERAL ELECTRIC COMPANY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

County of GRAYSON, State of Texas

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.   State of Connecticut

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David R. Donadio, esq.
Brayton <>Purcell, 222 Rush Landing Road, Novato, CA 94948
(415) 898-1555

ATTORNEYS (IF KNOWN)

*ADR*

## II. BASIS OF JURISDICTION (PLACE AN "✓" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF

(For diversity cases only)   AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "✓" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transfered from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☑ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl.Ret.Inc. Security Act | ☐ 870 Taxes (US Plaintiff or Defendant | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Diversity of citizenship; 25 U.S.C. Section 1332

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $

☑ CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✓" IN ONE BOX ONLY)

☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE   2/14/08

SIGNATURE OF ATTORNEY OF RECORD

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA  *E-filing*

ANNA PRICE, etc. et al.

Plaintiffs

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

V.

GENERAL ELECTRIC COMPANY et al,
Defendants

**EDL**

**CV  08      0969**

TO:

SEE ATTACHED LIST

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

David R. Donadio, Esq., S.B. #154436
BRAYTON PURCELL
Attorneys at Law
222 Rush Landing Road
Novato, California  94948-6169
(415) 898-1555

an answer to the complaint which is herewith served upon you, within $20$    days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK

**FEB 1 5 2008**

DATE

_____

(BY) DEPUTY CLERK



FILED

FEB 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  ALAN R. BRAYTON, ESQ., S.B. #73685
2  DAVID R. DONADIO, ESQ., S.B. #154436
   BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   Novato, California 94948-6169
4  (415) 898-1555
   (415) 898-1247 (Fax No.)
5
   Attorneys for Plaintiffs
6
                                    E-filing
7

8              THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  ANNA PRICE, Individually, as Wrongful    CV 08    0969
    Death Heir, and as Successor-in-Interest to
13  DOYEL PRICE, Deceased, and DOYEL
    PRICE, PAMELA PRICE, and DAVID
14  PRICE, as Legal Heirs of DOYEL PRICE,    COMPLAINT FOR SURVIVAL,
    Deceased,                                WRONGFUL DEATH - ASBESTOS;
15
              Plaintiffs,                    DEMAND FOR JURY TRIAL
16
    vs.
17
    GENERAL ELECTRIC COMPANY,
18  CRAMP SHIPBUILDING AND
    DRYDOCK CO., NEW YORK
19  SHIPBUILDING CORP., VIAD CORP.,
    and WARREN PUMPS, LLC.
20
              Defendants.
21

22                          I.

23                       PARTIES

24      1.    Plaintiffs in this action are the above captioned successor-in-interest to, or the

25  personal representative of the estate of Decedent; and the personal representatives on behalf of

26  the legal heirs, or the heirs-at-law, of the Decedent, and are all hereinafter referred to as

27  "Plaintiffs".

28      2.    The person who sustained asbestos-related lung injuries and death as a result of

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1 their inhalation of asbestos fibers through the person's occupational exposure to asbestos,

2 hereinafter "Decedent" is, with the date of death: DOYEL PRICE died February 17, 2007.

3 ANNA PRICE is the spouse of DOYEL PRICE and is hereinafter referred to as "surviving

4 spouse".

5     3.     Decedent sustained an asbestos-related lung disease and death by precisely the

6 following mechanism: the inhalation of asbestos fibers released during the handling of asbestos-

7 containing products at decedent's jobsites. The pathogenesis of decedent's asbestos-related

8 diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by

9 reference herein.

10     4.     All of plaintiffs' claims arise out of a similar series of occurrences: repeated

11 exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants

12 and supplied to, installed and/or maintained by defendants at Decedent' worksites, over a period

13 of years, caused from release of toxic asbestos fibers and subsequent inhalation by the decedent,

14 resulting in cumulative, progressive, incurable lung diseases.

15     5.     Each plaintiff claims damages for an asbestos-related disease arising from an

16 identical series of occurrences not dependent on decedent's worksite but on the fact that

17 asbestos-containing products, when handled in the manner in which they were intended, released

18 harmful asbestos fibers which when inhaled by decedent, caused serious lung disease. The

19 allegations of plaintiffs regarding the nature of decedent's asbestos-related diseases, the nature of

20 asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of disease, are all

21 identical.

22     6.     Plaintiffs are informed and believe, and thereon allege, that at all times herein

23 mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole

24 proprietorships and/or other business entities organized and existing under and by virtue of the

25 laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

26 said defendants, and each of them, were and are authorized to do and are doing business in the

27 State of California, and that said defendants have regularly conducted business in the State of

28 California.

**II.**

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

7.    Jurisdiction: Plaintiff ANNA PRICE is a citizen of the State of Texas.  DOYEL PRICE and PAMELA PRICE are citizens of the State of California.  Plaintiff DAVID PRICE is a citizen of the State of Nevada.  Defendant GENERAL ELECTRIC COMPANY is a corporation incorporated under the laws of and having its principal places of business in Connecticut.  Defendant CRAMP SHIPBUILDING AND DRYDOCK CO. is a corporation incorporated under the laws of and having its principal places of business in Pennsylvania.  Defendant NEW YORK SHIPBUILDING CORP. is a  corporation incorporated under the laws of and having its principal places of business in New Jersey. Defendant VIAD CORP. is a corporation incorporated under the laws of and having its principal places of business in Arizona.  Defendant WARREN PUMPS, LLC is a  corporation incorporated under the laws of and having its principal places of business in New Jersey.

This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

8.    Venue / Intradistrict Assignment.    Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by plaintiffs herein occurred  within the County of San Francisco, California, and all of the defendants are subject to personal jurisdiction in this district at the time the action is commenced.

**III.**

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION
(Negligence - Survival)

PLAINTIFF ANNA PRICE AS SUCCESSOR-IN-INTEREST TO THE DECEDENT DOYEL PRICE COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, CRAMP SHIPBUILDING AND DRYDOCK CO., NEW YORK SHIPBUILDING CORP., VIAD CORP.,

1  and WARREN PUMPS, LLC THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM;
2  EACH FOR A COUNT FOR NEGLIGENCE (SURVIVAL) ALLEGE AS FOLLOWS:

3      9.     At all times herein mentioned, each of the named defendants was the successor,
4  successor in business, successor in product line or a portion thereof, assign, predecessor,
5  predecessor in business, predecessor in product line or a portion thereof, parent, holding
6  company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole
7  or partial owner of or member in an entity researching, studying, manufacturing, fabricating,
8  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,
9  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,
10 representing, endorsing servicing, installing, contracting for installation, repairing, marketing,
11 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,
12 or otherwise directing and/or facilitating the use of, or advertising a certain product, namely
13 asbestos, and/or other products containing asbestos.  Said entities shall hereinafter collectively
14 be called ALTERNATE ENTITIES.  Each of the herein named defendants is liable for the
15 tortious conduct of each successor, successor in business, successor in product line or a portion
16 thereof, assign, predecessor in product line or a portion thereof, parent, holding company,
17 affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned
18 entity, or entity that it was a member of, or funded, that researched, studied, manufactured,
19 fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,
20 supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed,
21 warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos,
22 and other products containing asbestos.  The following defendants, and each of them, are liable
23 for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a
24 virtual destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants,
25 and each of them, have acquired the assets, product line, or a portion thereof, of each such
26 ALTERNATE ENTITY; defendants, and each of them, caused the destruction of plaintiffs'
27 remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume
28 the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant

1  enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

2  | DEFENDANT | ALTERNATE ENTITY |
   |---|---|

3  | GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
   |  | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
4  |  | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
   |  | G E INDUSTRIAL SYSTEMS |
5  |  | GENERAL ELECTRIC JET ENGINES |

6  | CRAMP SHIPBUILDING AND DRYDOCK CO. | WILLIAM CRAMP & SONS |
7

8  | VIAD CORP. | ARMOUR AND COMPANY |
   |  | ARMOUR & CO. |
9  |  | ARMOUR & COMPANY |
   |  | THE GREYHOUND CORPORATION |
10 |  | G. ARMOUR ARIZONA COMPANY |
   |  | ARIZONA DIAL |
11 |  | 111 CORPORATION |
   |  | BALDWIN LOCOMOTIVES |
12 |  | BALDWIN LOCOMOTIVE WORKS |
   |  | LIMA-HAMILTON CORPORATION |
13 |  | LIMA LOCOMOTIVE WORKS |
   |  | BALDWIN-LIMA-HAMILTON CORPORATION |
14 |  | BALDWIN-LESSING-HAMILTON |
   |  | THE MIDVALE COMPANY |
15 |  | THE DIAL CORPORATION |
   |  | THE NEW DIAL CORP. |
16 |  | ALSTOM POWER, INC. |
   |  | ECOLAIRE HEAT TRANSFER, INC, HEAT |
17 |  |   EXCHANGE DIVISION |
   |  | ALSTOM HEAT EXCHANGE DIVISION |
18 |  | GRISCOM-RUSSELL (product) |

19 | WARREN PUMPS, LLC | WARREN PUMPS, INC. |
   |  | QUIMBY PUMP COMPANY |
20 |  | WARREN STEAM PUMPS COMPANY |

21

22        10.        At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

23  each of them, were and are engaged in the business of researching, manufacturing, fabricating,

24  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

25  supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

26  promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

27  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,

28  or otherwise directing and/or facilitating the use of, or advertising a certain product, namely

1 asbestos and other products containing asbestos.

2      11.    At all times herein mentioned, defendants, their ALTERNATE ENTITIES and
3 each of them, singularly and jointly, negligently, and carelessly researched, manufactured,
4 fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed
5 to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
6 supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,
7 installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,
8 rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,
9 and other products containing asbestos, in that said products caused personal injuries to users,
10 consumers, workers, bystanders and others, including the decedent herein, (hereinafter
11 collectively called "exposed persons"), while being used in a manner that was reasonably
12 foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by
13 "exposed persons".

14      12.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to
15 exercise due care in the pursuance of the activities mentioned above and defendants, and each of
16 them, breached said duty of due care.

17      13.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should
18 have known, and intended that the aforementioned asbestos and products containing asbestos
19 and related products and equipment, would be transported by truck, rail, ship, and other common
20 carriers, that in the shipping process the products would break, crumble, or be otherwise
21 damaged; and/or that such products would be used for insulation, construction, plastering,
22 fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not
23 limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,
24 breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the
25 release of airborne asbestos fibers, and that through such foreseeable use and/or handling
26 "exposed persons", including decedent herein, would use or be in proximity to and exposed to
27 said asbestos fibers, which contaminated the packaging, products, environment, and clothing of
28 persons working in proximity to said products, directly or through reentrainment.

1    14.    Decedent had used, handled, or been otherwise exposed to asbestos and asbestos-
2  containing products referred to herein in a manner that was reasonably foreseeable. Decedent's
3  exposure to asbestos and asbestos-containing products is on current information as set forth at
4  various locations and circumstances in **Exhibit A,** attached hereto and incorporated by reference
5  herein.

6    15.    As a direct and proximate result of the acts, omissions, and conduct of the
7  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, decedent's exposure
8  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,
9  or harm to the Decedent as set forth in **Exhibit A**, attached to plaintiffs' complaint and
10  incorporated by reference herein.

11    16.    Plaintiffs are informed and believes, and thereon alleges, that progressive lung
12  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos
13  fibers
14  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to
15  asbestos and asbestos-containing products over a period of time.

16    17.    Decedent suffered from a condition related to exposure to asbestos and asbestos-
17  containing products. Decedent was not aware at the time of exposure that asbestos or asbestos-
18  containing products presented any risk of injury and/or disease.

19    18.    As a direct and proximate result of the aforesaid conduct of the defendants, their
20  "alternate entities," and each of them, Decedent incurred liability for physicians, surgeons,
21  nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact
22  amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this
23  complaint accordingly when the true and exact cost thereof is ascertained.

24    19.    As a direct and proximate result of the aforesaid conduct of the defendants, their
25  ALTERNATE ENTITIES, and each of them, Decedent incurred liability for the reasonable value
26  of medial care provided by decedent's family members measured by, inter alia, the costs
27  associated with the hiring a registered nurse, home hospice, or other service provider, the true
28  and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to

1   amend this complaint accordingly when the true and exact costs are known or at time of trial.

2       20.    As a direct and proximate result of the aforesaid conduct of defendants, their
3   ALTERNATE ENTITIES, and each of them, Decedent suffered permanent injuries to his
4   person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer
5   and related sequelae, and the mental and emotional distress attendant thereto, and ultimately
6   death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be
7   proven at trial.

8       21.    As a further direct and proximate result of the said conduct of the defendants,
9   their ALTERNATE ENTITIES, and each of them, Decedent incurred loss of income, benefits,
10  entitlements, wages, profits, and commissions, a diminishment of earning potential, and other
11  pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is
12  requested to amend this complaint to conform to proof at the time of trial.

13      22.    As a further direct and proximate result of the said conduct of the defendants,
14  their ALTERNATE ENTITIES, and each of them, decedent's exposure to asbestos and asbestos-
15  containing products caused severe and permanent injury to Decedent, and ultimately Decedent
16  died on the date previously stated herein.

17      23.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers,
18  directors and managing agents participated in, authorized, expressly and impliedly ratified, and
19  had full knowledge of, or should have known of, each of the acts set forth herein.

20      24.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the
21  fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them,
22  and each defendant's officers, directors, and managing agents participated in, authorized,
23  expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of
24  each of their ALTERNATE ENTITIES as set forth herein.

25      25.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES,
26  and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in
27  conscious or reckless disregard and indifference to the safety, health, and rights of "exposed
28  persons", including Decedent herein, giving rise to decedent's claim herein alleged for punitive

K:\Injured\108863\Fed\Cmp Fed Solo WD - Price 108863.wpd          8
                                                          COMPLAINT

1  damages against said defendants.

2  WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as
3  hereinafter set forth.

4  ## SECOND CAUSE OF ACTION

5  (Products Liability - Survival)

6  PLAINTIFF ANNA PRICE AS SUCCESSOR-IN-INTEREST TO THE DECEDENT DOYEL
7  PRICE COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, CRAMP
8  SHIPBUILDING AND DRYDOCK CO., NEW YORK SHIPBUILDING CORP., VIAD CORP.,
9  and WARREN PUMPS, LLC  THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM;
10 EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION
11 FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

12  26.  Plaintiffs incorporates herein by reference, as though fully set forth herein, each
13  paragraph of the First Cause of Action herein.

14  27.  Defendants, their "alternate entities", and each of them, knew and intended that
15  the above-referenced asbestos and asbestos-containing products would be used by the purchaser
16  or user without inspection for defects therein or in any of their component parts and without
17  knowledge of the hazards involved in such use.

18  28.  Said asbestos and asbestos-containing products were defective and unsafe for
19  their intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease
20  and/or death.  The defect existed in the said products at the time they left the possession of
21  defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause
22  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed
23  persons", including Decedent herein, while being used in a reasonably foreseeable manner,
24  thereby rendering the same defective, unsafe, and dangerous for use.

25  29.  "Exposed persons" did not know of the substantial danger of using said products.
26  Said dangers were not readily recognizable by "exposed persons".  Said defendants, their
27  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to
28  which Decedent and others similarly situated were exposed.

1  30.  In researching, manufacturing, fabricating, designing, modifying, testing or
2  failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying,
3  offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying,
4  facilitating, promoting, representing, endorsing servicing, installing, contracting for installation,
5  repairing, marketing, warranting, rebranding, manufacturing for others, packaging and
6  advertising asbestos and asbestos-containing products, defendants, their ALTERNATE
7  ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed
8  persons" who came in contact with said asbestos and asbestos-containing products, in that said
9  defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there
10  was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-
11  containing products, including, but not limited to, asbestosis, other lung damages, and cancer.
12  Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or
13  with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and
14  which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of
15  them on or before 1930, and thereafter.

16  31.  On or before 1930, and thereafter, said defendants, their ALTERNATE
17  ENTITIES and each of them, were aware that members of the general public and other "exposed
18  persons", who would come in contact with their asbestos and asbestos-containing products, had
19  no knowledge or information indicating that asbestos or asbestos-containing products could
20  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that
21  members of the general public and other "exposed persons", who came in contact with asbestos
22  and asbestos-containing products, would assume, and in fact did assume, that exposure to
23  asbestos and asbestos-containing products was safe, when in fact said exposure was extremely
24  hazardous to health and human life.

25  32.  With said knowledge, said defendants, their ALTERNATE ENTITIES, and each
26  of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,
27  lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,
28  market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

K:\Injured\108863\Fed\Cmp Fed Solo WD - Price 108863.wpd  10
COMPLAINT

1  asbestos-containing products without attempting to protect "exposed persons" from, or warn
2  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and
3  asbestos-containing products. Rather than attempting to protect "exposed persons" from, or
4  warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos
5  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,
6  intentionally failed to reveal their knowledge of said risk, and consciously and actively
7  concealed and suppressed said knowledge from "exposed persons" and members of the general
8  public, thus impliedly representing to "exposed persons" and members of the general public that
9  asbestos and asbestos-containing products were safe for all reasonably foreseeable uses.
10 Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and
11 made these implied representations with the knowledge of the falsity of said implied
12 representations.

13    33.    The above-referenced conduct of said defendants, their ALTERNATE
14 ENTITIES, and each of them, was motivated by the financial interest of said defendants, their
15 ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design,
16 modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for
17 sale, supply, sale, inspection, installation, contracting for installation, repair, marketing,
18 warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,
19 or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-
20 containing products. In pursuance of said financial motivation, said defendants, their
21 ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed
22 persons" and in fact were consciously willing and intended to permit asbestos and asbestos-
23 containing products to cause injury to "exposed persons" and induced persons to work with and
24 be exposed thereto, including Decedent.

25    34.    Plaintiffs alleges that the aforementioned defendants, their ALTERNATE
26 ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing
27 products, to be safe for their intended use, but that their asbestos and asbestos-containing
28 products, created an unreasonable risk of bodily harm to exposed persons.

K:\Injured\108863\Fed\Cmp Fed Solo WD - Price 108863.wpd            11
COMPLAINT

1    35.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of

2  their representations, lack of warnings, and implied warranties of fitness of asbestos and their

3  asbestos-containing products. As a direct, foreseeable, and proximate result thereof, Decedent

4  suffered permanent injury and death as alleged herein.

5    36.    As a direct and proximate result of the actions and conduct outlined herein,

6  Decedent have suffered the injuries and damages herein alleged.

7    WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities", and

8  each of them, as hereinafter set forth.

9                                    THIRD CAUSE OF ACTION
                                     (Negligence - Wrongful Death)
10

11  PLAINTIFF ANNA PRICE, INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS

12  SUCCESSOR-IN-INTEREST TO DOYEL PRICE DECEASED, AND DOYEL PRICE,

13  PAMELA PRICE, and DAVID PRICE AS LEGAL HEIR OF DECEDENT, COMPLAIN OF

14  DEFENDANTS GENERAL ELECTRIC COMPANY, CRAMP SHIPBUILDING AND

15  DRYDOCK CO., NEW YORK SHIPBUILDING CORP., VIAD CORP., and WARREN

16  PUMPS, LLC THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A

17  THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR NEGLIGENCE

18  (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

19    37.    Plaintiffs incorporates by reference each paragraph contained within the First

20  Cause of Action as though fully set forth herein.

21    38.    The heirs at law of the Decedent and their relationship to the Decedent is set forth

22  above.

23    39.    The individuals set forth as heirs constitute all of the surviving heirs of the

24  Decedent.

25    40.    As a direct and proximate result of the conduct of the defendants, their

26  ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

27  containing products caused Decedent to develop diseases from which condition Decedent died.

28  Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of

K:\Injured\108863\Fed\Cmp Fed Solo WD - Price 108863.wpd            12
                                                           COMPLAINT

1 | filing the complaint.

2 |     41.    At all times prior to his death, Decedent was a faithful and dutiful spouse to the
3 | surviving spouse.

4 |     42.    As a direct and proximate result of the conduct of defendants, and each of them,
5 | and the death of Decedent, Decedent's heirs have sustained pecuniary loss resulting from the
6 | loss of care, society, comfort, attention, services, and support of Decedent all to the damage of
7 | decedent's heirs.

8 |     43.    As a further direct and proximate result of the conduct of defendants, and each of
9 | them, and the death of decedent, decedent's heirs have incurred funeral expenses in an amount
10 | currently not ascertained.

11 |     WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as
12 | hereinafter set forth.

13 | <center>FOURTH CAUSE OF ACTION<br>(Products Liability - Wrongful Death)</center>
14 |

15 | PLAINTIFF ANNA PRICE, INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS
16 | SUCCESSOR-IN-INTEREST TO DOYEL PRICE, DECEASED, AND DOYEL PRICE,
17 | PAMELA PRICE, and DAVID PRICE AS LEGAL HEIR OF DECEDENT, COMPLAIN OF
18 | DEFENDANTS GENERAL ELECTRIC COMPANY, CRAMP SHIPBUILDING AND
19 | DRYDOCK CO., NEW YORK SHIPBUILDING CORP., VIAD CORP., and WARREN
20 | PUMPS, LLC THEIR "ALTERNATE ENTITIES," AND EACH OF THEM; EACH FOR A
21 | FOURTH, SEPARATE, FURTHER AND DISTINCT CAUSE OF ACTION FOR PRODUCTS
22 | LIABILITY (WRONGFUL DEATH), COMPLAIN AS FOLLOWS:

23 |     44.    Plaintiffs incorporates herein by reference, as though fully set forth herein, each
24 | paragraph of the First, Second and Third Causes of Action herein.

25 |     45.    As a direct and proximate result of the conduct of defendants, and each of them,
26 | decedent's heirs have sustained the injuries and damages previously alleged.

27 |     WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities",
28 | and each of them, as hereinafter set forth.

K:\Injured\108863\Fed\Cmp Fed Solo WD - Price 108863.wpd     13
<center>COMPLAINT</center>

1

## IV.

## DAMAGES AND PRAYER

WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities",

and each of them in an amount to be proved at trial in each individual case, as follows:

(a)     For plaintiffs' general damages according to proof;

(b)     For plaintiffs' loss of income, wages and earning potential according to proof;

(c)     For plaintiffs' s medical and related expenses according to proof;

(d)     For plaintiffs' cost of suit herein;

(e)     For exemplary or punitive damages according to proof;

(f)     For damages for fraud according to proof; and

(g)     For such other and further relief as the Court may deem just and proper, including

costs and prejudgment interest.

Dated: 2|14|09                          BRAYTON❖PURCELL LLP

By:     _____
                                        David R. Donadio
                                        Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues of this cause.

Dated: 2|14|8                           BRAYTON❖PURCELL LLP

By:     _____
                                        David R. Donadio
                                        Attorneys for Plaintiffs

K:\Injured\108863\Fed\Cmp Fed Solo WD - Price 108863.wpd                    14
                                        COMPLAINT

**EXHIBIT  A**

## EXHIBIT A

Plaintiff:   **Doyel Price.**

Plaintiff's injuries:  Plaintiff was diagnosed with Lung Cancer on or about September 13, 2006 and died on February 17, 2007.

Defendants:  Plaintiff contends that the asbestos-containing products to which he was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by Defendants.   Plaintiff's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, but is not limited, to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Navy | Naval Training Center San Diego, CA | Trainee | 3/18/1946 - 9/7/1946 |
| | Naval Air Station Point Mugu, CA | Machinist Mate | 10/8/46 - 12/15/47 |
| | USS ASTORIA (CL-90) | Machinist Mate | 1/1948 - 3/1949 |
| | US Naval Station, Long Beach, CA | | Approx. 3/1949 - 10/1949; 1961 - 1966 |
| | USS TOLEDO (CA-133) | | 10/1949 - 6/1952 |
| | USS SHANGRI-LA (CVA-38) | | 10/1954 - 1/1956 |
| | USS FRANKLIN D. ROOSEVELT (CVA-42) | | 1/1956 - 10/1956 |
| | USS PRINCETON (LPH-5) | | 1/1959 - 6/1961 |

EXHIBIT "A"

USS COLAHAN (DD-658)                3/1963 -
                                    1966

Job Duties: Decedent worked in the engine, generator and pump rooms on the ships listed above. While in the engine rooms, decedent repair steam lines. Decedent removed asbestos-containing pipe insulation and replacing gaskets and packing material while repairing valves. Decedent mixed asbestos containing insulating cement to repair steam pipes. On the USS FRANKLIN D. ROOSEVELT (CVA-42), decedent repaired the #3 generator. Decedent worked on the conversion of the USS PRINCETON from CPS-37 to LPH-5. When the guns were fired off on the above ships, decedent would be covered with asbestos powder that fell from the insulation on the steam pipes. Decedent was often assigned to pump watches in the engine room and other locations on the ship. Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| E.E. Einboden Construction Carson, CA | E.E. Einboden Construction Carson, CA | Truck Driver | 1965-1967 |

Job Duties: Decedent worked as a truck driver. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Prices' Texoma Truck and Rest Stop, Denison, TX | Prices' Texoma Truck and Rest Stop, Denison, TX | Owner | 1967 - 1992 |

Job Duties: Decedent owned a truck stop and restaurant. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fantasy Tours Denison, TX | Fantasy Tours Denison, TX | Owner | 1981 - 1992 |

Job Duties: Decedent owned a travel and tour agency. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

Plaintiff does not currently contend that decedent was exposed to asbestos after 1980.

K:\Injured\108863\Fed\FEDA PI solo - Price 108863.wpd

2                                                        EXHIBIT "A"