1  WHITNEY A. DAVIS, SBN 149523
   CHARTER DAVIS, LLP
2  Attorneys at Law
   1730 I Street, Suite 240
3  Sacramento, California 95814
   Telephone:    (916) 448-9000
4  Facsimile:    (916) 448-9009

5  Attorneys for VIAD CORP, Individually
   and as Alleged Successor-in-Interest
6  to Griscom-Russell Company

7

8             UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 ANNA PRICE, Individually, as Wrongful        )  Federal Case No. CV 08 0969 EDL
   Death Heir, and Successor-in-Interest to     )
12 DOYEL PRICE, Deceased, and DOYEL             )
   PRICE, PAMELA PRICE, and DAVID               )
13 PRICE, as Legal Heirs of DOYEL PRICE,        )  **ANSWER OF VIAD CORP TO**
   Deceased,                                    )  **COMPLAINT FOR SURVIVAL,**
14                                              )  **WRONGFUL DEATH-ASBESTOS**
                 Plaintiffs,                    )
15                                              )
                                               )  **DEMAND FOR JURY TRIAL**
16 vs.                                          )
                                               )
17 GENERAL ELECTRIC COMPANY,                    )
   CRAMP SHIPBUILDING AND                       )
18 DRYDOCK CO., NEW YORK                        )
   SHIPBUILDING CORP., VIAD CORP.,              )
19 and WARREN PUMPS, LLC                        )
                                               )
20               Defendants.                    )

21

22

23        In accordance with the Federal Rules of Civil Procedure, defendant Viad Corp,

24 individually and as alleged successor-in-interest to the Griscom-Russell Company

   (hereinafter "VIAD") hereby answers the complaint filed by plaintiffs as follows:
25
   ///
26
   ///
27

28
                                  1

# ANSWER TO COMPLAINT

1.    Responding to paragraph number one of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

2.    Responding to paragraph number two of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

3.    Responding to paragraph number three of the complaint, and Exhibit A therein referred to and attached to the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

4.    Responding to paragraph number four of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

5.    Responding to paragraph number five of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

6.    Responding to paragraph number six of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

7.    Responding to paragraph numbers seven and eight of the complaint, defendant admits that jurisdiction exists over the matter based on the complaint allegations, and defendant admits it is a corporation, organized and existing under and by

2

1  virtue of the laws of the State of Delaware and was authorized to do business in the State

2  of California and that it has conducted business in the County of San Francisco, State of

3  California, but otherwise is without sufficient knowledge or information to form a belief

4  as to the truth of the allegations contained in the remainder of said paragraphs, and on that

5  basis, denies each and every allegation contained therein.

6        8.      Responding to paragraph number nine, ten, eleven, twelve of the

7  complaint, defendant denies it and/or its alleged alternate entities engaged in any of the

8  complained of conduct, denies each and every allegation therein, and denies specifically

9  that it and/or its alleged alternate entities, researched, manufactured, fabricated, designed

10  modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold,

11  inspected, endorsed, tested, authorized, approved, certified, facilitated, promoted,

12  represented, endorsed servicing, installed, contracted for installation, repaired, marketed,

13  warranted, rebranded, manufactured for others, packaged, specified, required, mandated,

14  or otherwise directed and/or facilitated the use of, or advertising a certain product, namely

15  asbestos and other products containing asbestos.   Further, defendant denies that it is  is

16  the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

17  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

18  GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

19  DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

20  LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

21  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

22  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

23  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

24  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

25  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant

26  admits as to the existence of the alleged alternate entities, defendant specifically denies,

27  that it is liable (and/or otherwise owed/breached any duty) for any alleged tortious

28  conduct of each alleged successor, successor-in-business, successor-in-product line or

**ANSWER ON BEHALF OF VIAD CORP**

1  portion thereof, assign, predecessor, in product line or portion thereof, parent, holding

2  company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or

3  partially owned entity, or entity that was a member of, or funded, that researched, studied,

4  manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased,

5  bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for

6  installation, repaired, marketed, warranted, re-branded, manufactured for others and

7  advertised a certain product, namely asbestos, and other products containing asbestos.

8      9.      Responding to paragraph number thirteen of the complaint, defendant

9  denies it and/or its alleged alternate entities engaged in any of the complained of conduct,

10  denies each and every allegation contained therein, and specifically denies it and/or its

11  alleged alternate entities knew or should have known and intended that alleged asbestos

12  containing products/equipment would be transported as alleged with knowledge that

13  products may break, crumble or otherwise be damaged; and/or that such products would

14  be used for insulation, construction, plastering, fireproofing, soundproofing, automotive,

15  aircraft and/or other applications, including, but not limited to unpacking, preparing,

16  using, sawing, drilling, chipping, hammering, scraping, sanding, breaking, removing,

17  maintaining, inspecting, "rip-out", and other manipulation, resulting in the release of

18  airborne asbestos fibers, and that through such foreseeable use and/or handling "exposed

19  persons", including plaintiff, would use or be in proximity to and exposed to said alleged

20  asbestos fibers, which allegedly contaminated the packing, products, environment, and

21  clothing of persons working in proximity to said products, directly or through

22  reentrainment. To the extent this paragraph again incorporates reference to alleged

23  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

24  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

25  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION,

26  G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION,

27  BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

28  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

1    BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

2    CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

3    THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

4    INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

5    GRISCOM RUSSELL.

6         10.    Responding to paragraph number fourteen of the complaint, and Exhibit A

7    referred to therein, Defendant is without sufficient knowledge or information to form a

8    belief as to the truth of the allegations contained therein, and on that basis, denies each

9    and every allegation contained therein.

10        11.    Responding to paragraph number fifteen of the complaint, and Exhibit A

11   referred to therein and attached to said complaint, defendant denies that it and/or its

12   alleged alternate entities engaged in any of the complained of conduct, and denies each

13   and every allegation contained therein.  To the extent this paragraph again incorporates

14   reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the legal

15   successor to all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR

16   AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

17   CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

18   CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

19   LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

20   BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

21   CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

22   THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

23   INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

24   GRISCOM RUSSELL.

25        12.    Responding to paragraph number sixteen of the complaint, Defendant is

26   without sufficient knowledge or information to form a belief as to the truth of the

27   allegations contained therein, and on that basis, denies each and every allegation

28   contained therein.

**ANSWER ON BEHALF OF VIAD CORP**

13.    Responding to paragraph number seventeen of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

14.    Responding to paragraph number eighteen of the complaint, defendant denies that it and/or its alleged alternate entities engaged in any alleged conduct incorporated by reference into this paragraph, and otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

15.    Responding to paragraph number nineteen of the complaint, defendant denies that it and/or its alleged alternate entities engaged in any of the complained of conduct, and otherwise defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.  To the extent this paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the liabilities of alleged alternate entities of Viad Corp: ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

16.    Responding to paragraph number twenty of the complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every

1  allegation contained therein, and to the extent this paragraph again incorporates reference

2  to alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to

3  all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND

4  COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

5  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

6  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

7  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

8  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

9  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

10  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

11  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

12  GRISCOM RUSSELL.

13       17.    Responding to paragraph number twenty-one of the complaint, defendant

14  is without sufficient knowledge or information to form a belief as to the truth of the

15  allegations contained in said paragraph, and on that basis, denies each and every

16  allegation contained therein, and to the extent this paragraph again incorporates reference

17  to alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to

18  all of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND

19  COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND

20  CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111

21  CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

22  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

23  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

24  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

25  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

26  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

27  GRISCOM RUSSELL.

28       18.    Responding to paragraph number twenty-two of the complaint, defendant

1    denies that it and/or its alleged alternate entities engaged in any of the complained of

2    conduct, and denies each and every allegation contained therein, and to the extent this

3    paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

4    denies that it is the legal successor to all of the liabilities of alleged alternate entities of

5    Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

6    COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

7    COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

8    BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

9    LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

10    BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

11    THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

12    CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

13    HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

14        19.    Responding to paragraph number twenty-three of the complaint, defendant

15    denies it and/or its alleged alternate entities engaged in any of the complained of conduct

16    and, denies each and every allegation contained therein, and to the extent this paragraph

17    again incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that

18    it is the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

19    ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

20    GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

21    DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

22    LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

23    LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

24    BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

25    THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

26    CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

27    HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

28        20.    Responding to paragraph number twenty-four of the complaint, defendant

1   denies it and/or its alleged alternate entities engaged in any of the complained of conduct

2   and, denies each and every allegation contained therein, and to the extent this paragraph

3   again incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that

4   it is the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

5   ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

6   GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

7   DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

8   LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

9   LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

10   BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

11   THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

12   CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

13   HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

14       21.   Responding to paragraph number twenty-five of the complaint, defendant

15   denies it and/or its alleged alternate entities engaged in any of the complained of conduct

16   and, denies each and every allegation contained therein, and further, defendant denies that

17   it is the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

18   ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

19   GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

20   DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

21   LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

22   LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

23   BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

24   THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

25   CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

26   HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant

27   admits as to the existence of the alleged alternate entities, defendant specifically denies,

28   that it is liable (and/or otherwise owed/breached any duty) for any alleged tortious

ANSWER ON BEHALF OF VIAD CORP

1    conduct of each alleged alternate entities.

2    　　22.　　To the extent this complaint paragraph twenty-six merely incorporates by

3    reference all prior paragraphs of the complaint, defendant likewise incorporates by

4    reference paragraphs 1-25 herein, and is otherwise without sufficient knowledge or

5    information to form a belief as to the truth of the allegations contained in said paragraph,

6    and on that basis, denies each and every allegation contained therein.

7    　　23.　　Responding to paragraph number twenty-seven of the complaint,

8    defendant denies it and/or its alleged alternate entities engaged in any of the complained

9    of conduct, denies each and every allegation contained therein, and to the extent this

10   paragraph again incorporates reference to alleged "ALTERNATE ENTITIES", defendant

11   denies that it is the legal successor to all of the liabilities of alleged alternate entities of

12   Viad Corp:  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR &

13   COMPANY, THE GREYHOUND CORPORATION, G. ARMOUR ARIZONA

14   COMPANY, ARIZONA DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES,

15   BALDWIN LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

16   LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

17   BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

18   THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

19   CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

20   HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

21   　　24.　　Responding to paragraph number twenty-eight of the complaint, defendant

22   denies each and every allegation contained therein to the extent the paragraph alleges any

23   alleged products were defective and/or unsafe at the time they left possession of this

24   responding defendant and/or its alleged alternate entities, and otherwise is without

25   sufficient knowledge or information to form a belief as to the truth of the allegations

26   contained in said paragraph, and on that basis, denies each and every allegation contained

27   therein. To the extent this paragraph again incorporates reference to alleged

28   "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

10

1   liabilities of alleged alternate entities of Viad Corp: ARMOUR AND COMPANY,

2   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION,

3   G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION,

4   BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

5   LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

6   BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

7   CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

8   THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

9   INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

10  GRISCOM RUSSELL.

11      25.     Responding to paragraph number twenty-nine of the complaint, defendant

12  denies each and every allegation contained therein, denies that it and/or its alleged

13  alternate entities engaged in any complained of conduct (including issues relating to

14  alleged failure to warn), and to the extent this paragraph again incorporates reference to

15  alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all

16  of the liabilities of alleged alternate entities of Viad Corp: ARMOUR AND COMPANY,

17  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION,

18  G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION,

19  BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

20  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

21  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

22  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

23  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

24  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

25  GRISCOM RUSSELL.

26      26.     Responding to paragraph number thirty of the complaint, defendant denies

27  that it and/or its alleged alternate entities engaged in any of the complained of conduct,

28  denies each and every allegation contained therein, and specifically denies defendant

1   and/or its alleged alternate entities had alleged knowledge regarding alleged asbestos

2   containing products at the timeframe alleged; to the extent this paragraph again

3   incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is

4   the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

5   ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

6   GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

7   DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

8   LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

9   LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

10  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

11  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

12  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

13  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant

14  admits as to the existence of the alleged alternate entities, defendant specifically denies,

15  that it is liable (and/or otherwise owed/breached any duty and/or acted with "conscious

16  disregard" and/or had knowledge of any alleged risk(s) as set forth therein) for any alleged

17  tortious conduct of each alleged alternate entity.

18         27.     Responding to paragraph number thirty-one of the complaint, defendant

19  denies each and every allegation contained therein, and  specifically denies defendant

20  and/or its alleged alternate entities had alleged knowledge regarding alleged asbestos

21  containing products at the timeframe alleged; to the extent this paragraph again

22  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is

23  the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

24  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

25  GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

26  DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

27  LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

28  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

**ANSWER ON BEHALF OF VIAD CORP**

1  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

2  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

3  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

4  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

5         28.    Responding to paragraph number thirty-two of the complaint, defendant

6  denies it and/or its alleged alternate entities engaged in any of the complained of conduct,

7  denies each and every allegation contained therein, and to the extent this paragraph again

8  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is

9  the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

10  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

11  GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

12  DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

13  LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

14  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

15  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

16  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

17  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

18  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.  Further, while defendant

19  admits as to the existence of the alleged alternate entities, defendant specifically denies,

20  that it and/or its alleged alternate entity is liable (and/or otherwise owed/breached any

21  duty and/or actively concealed and suppressed knowledge and/or had knowledge of any

22  alleged risk(s) as set forth therein) for any alleged tortious conduct of each alleged

23  alternate entity.

24         29.    Responding to paragraph number thirty-three of the complaint, defendant

25  denies it and/or its alleged alternate entities engaged in any of the complained of conduct,

26  denies each and every allegation contained therein, and to the extent this paragraph again

27  incorporates reference to alleged "ALTERNATE ENTITIES", defendant denies that it is

28  the legal successor to all of the liabilities of alleged alternate entities of Viad Corp:

1  ARMOUR AND COMPANY, ARMOUR & CO., ARMOUR & COMPANY, THE

2  GREYHOUND CORPORATION, G. ARMOUR ARIZONA COMPANY, ARIZONA

3  DIAL, 111 CORPORATION, BALDWIN LOCOMOTIVES, BALDWIN

4  LOCOMOTIVE WORKS, LIMA-HAMILTON CORPORATION, LIMA

5  LOCOMOTIVE WORKS, BALDWIN-LIMA-HAMILTON CORPORATION,

6  BALDWIN LIMA-HAMILTON CORPORATION, BALDWIN-LESSING-HAMILTON,

7  THE MIDVALE COMPANY, THE DIAL CORPORATION, THE NEW DIAL

8  CORPORATION, ALSTOM POWER, INC., ECOLAIRE HEAT TRANSFER, INC.

9  HEAT EXCHANGE DIVISION, and GRISCOM RUSSELL.

10      30.    Responding to paragraph number thirty-four of the complaint, defendant

11  denies it and/or its alleged alternate entities engaged in any of the complained of conduct,

12  denies each and every allegation contained therein, including allegations of alleged

13  implied warranties, and to the extent this paragraph again incorporates reference to

14  alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all

15  of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

16  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION,

17  G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION,

18  BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

19  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

20  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

21  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

22  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

23  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

24  GRISCOM RUSSELL.

25      31.    Responding to paragraph number thirty-five of the complaint, defendant

26  denies it and/or its alleged alternate entities engaged in any of the complained of conduct,

27  denies each and every allegation contained therein, including allegations of alleged

28  implied warranties, and to the extent this paragraph again incorporates reference to

1   alleged "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all

2   of the liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

3   ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION,

4   G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION,

5   BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

6   LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

7   BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

8   CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

9   THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

10  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

11  GRISCOM RUSSELL.

12      32.     Responding to paragraph number thirty-six of the complaint, defendant

13  denies each and every allegation contained therein.

14      33.     To the extent paragraph thirty-seven merely incorporates by reference all

15  prior paragraphs of the complaint, defendant likewise incorporates by reference

16  paragraphs 1-36 herein, and is otherwise without sufficient knowledge or information to

17  form a belief as to the truth of the allegations contained in said paragraph, and on that

18  basis, denies each and every allegation contained therein.

19      34.     Responding to paragraph number thirty-eight of the complaint, defendant

20  is without sufficient knowledge or information to form a belief as to the truth of the

21  allegations contained in said paragraph, and on that basis, denies each and every

22  allegation contained therein.

23      35.     Responding to paragraph number thirty-nine of the complaint, defendant

24  is without sufficient knowledge or information to form a belief as to the truth of the

25  allegations contained in said paragraph, and on that basis, denies each and every

26  allegation contained therein.

27      36.     Responding to paragraph number forty of the complaint,  defendant

28  denies each and every allegation contained therein, denies that it and/or its alleged

1  alternate entities engaged in any of complained of conduct incorporated by reference into

2  this paragraph, and to the extent this paragraph again incorporates reference to alleged

3  "ALTERNATE ENTITIES", defendant denies that it is the legal successor to all of the

4  liabilities of alleged alternate entities of Viad Corp:  ARMOUR AND COMPANY,

5  ARMOUR & CO., ARMOUR & COMPANY, THE GREYHOUND CORPORATION,

6  G. ARMOUR ARIZONA COMPANY, ARIZONA DIAL, 111 CORPORATION,

7  BALDWIN LOCOMOTIVES, BALDWIN LOCOMOTIVE WORKS,

8  LIMA-HAMILTON CORPORATION, LIMA LOCOMOTIVE WORKS,

9  BALDWIN-LIMA-HAMILTON CORPORATION, BALDWIN LIMA-HAMILTON

10  CORPORATION, BALDWIN-LESSING-HAMILTON, THE MIDVALE COMPANY,

11  THE DIAL CORPORATION, THE NEW DIAL CORPORATION, ALSTOM POWER,

12  INC., ECOLAIRE HEAT TRANSFER, INC. HEAT EXCHANGE DIVISION, and

13  GRISCOM RUSSELL.

14       37.    Responding to paragraph number forty-one of the complaint, defendant is

15  without sufficient knowledge or information to form a belief as to the truth of the

16  allegations contained in said paragraph, and on that basis, denies each and every

17  allegation contained therein.

18       38.    Responding to paragraph number forty-two of the complaint, defendant

19  denies each and every allegation contained therein and denies that it and/or its alleged

20  alternate entities engaged in any of the complained of conduct sought to be incorporated

21  by reference into this paragraph.

22       39.    Responding to paragraph number forty-three of the complaint, defendant is

23  without sufficient knowledge or information to form a belief as to the truth of the

24  allegations contained in said paragraph, and on that basis, denies each and every

25  allegation contained therein, and denies that it and/or its alleged alternate entities engaged

26  in any of the complained of conduct sought to be incorporated by reference into this

27  paragraph.

28       40.    To the extent paragraph forty-four merely incorporates by reference all

1  prior paragraphs of the complaint, defendant likewise incorporates by reference

2  paragraphs 1-43 herein, and is otherwise without sufficient knowledge or information to

3  form a belief as to the truth of the allegations contained in said paragraph, and on that

4  basis, denies each and every allegation contained therein.

5       41.    Responding to paragraph number forty-five of the complaint, defendant

6  denies each and every allegation contained therein, and denies that it and/or its alleged

7  alternate entities engaged in any of the complained of conduct sought to be incorporated

8  by reference into this paragraph.

9       42.    Responding to plaintiffs' prayer for relief, defendant denies any entitlement

10  on the part of plaintiffs to any damages (general, punitive, income loss related, or

11  otherwise) and defendant further asserts that no specific cause of action for fraud is

12  alleged, and therefore, defendant denies that any "fraud" took place, and that any damages

13  resulted from any act of fraud.

14

15                    **AFFIRMATIVE DEFENSES**

16                    FIRST AFFIRMATIVE DEFENSE

17       The complaint fails to state facts sufficient to constitute any cause of action

18  against this answering defendant.

19                    SECOND AFFIRMATIVE DEFENSE

20       Plaintiffs' claims are barred by the statute of limitations, including, but not limited to,

21  California Code of Civil Procedure §§338  sub. div. a, 340, 340.2, 343 and 337.

22                    THIRD AFFIRMATIVE DEFENSE

23       The complaint does not state facts sufficient to justify an award of punitive

24  damages. The imposition of punitive damages as sought by plaintiffs would violate the

25  rights of the defendant under the Constitution of the United States and other potentially

26  applicable State Constitutions, and at common law, in that:

27       a)    An award of punitive damages would violate the rights of the defendant to

28  due process and equal protection of the laws, as guaranteed by the United States

1   Constitution and its Fourteenth Amendment, and similar protection afforded by other

2   potentially applicable State Constitutions.

3       b)      Applicable State law provides no Constitutionally adequate or meaningful

4   standards to guide a jury in imposing a punitive award, or to give the public, including the

5   defendants, a reasonable and Constitutionally required notice of the manner of conduct

6   which may submit it to such a sanction. As scienter is an indispensable element of a

7   charge of such conduct, the defendant should not be subjected to the risk of punishment

8   for an alleged offense as to which scienter is impossible as there are no ascertainable

9   standards to apply other than the whim of a jury.

10      c)      Applicable State law leaves the determination of the fact and amount of

11  punitive damages to the arbitrary discretion of the trier of fact, without providing

12  adequate or meaningful limits to the exercise of that discretion. This constitutes a taking

13  without due process of law.

14      d)      No provision of the applicable State law provides adequate procedural

15  safeguards consistent with the criteria set forth in *Mathews v. Eldridge*, 424 US 319

16  (1976) for the imposition of a punitive award.

17      e)      The right of the defendants to due process of law would be violated were

18  Plaintiffs to be permitted to pursue recovery against the defendant based upon strict

19  liability claims which focus on the condition of the product while simultaneously

20  pursuing claims for punitive damages that focus on the conduct of the defendant, since

21  exculpatory evidence of reasonable conduct may otherwise be inadmissible in a strict

22  liability case.

23      f)      The concept of punitive damages whereby an award is made to a private

24  plaintiff, not as compensation, but as a windfall incident to the punishment of a

25  defendant, represents a taking of property without due process of law.

26      g)      Punitive damages are quasi-criminal in nature, application of the discovery

27  provisions of the Code of Civil Procedure would be inappropriate as those rules are not

28  intended to apply to a criminal proceeding.  The defendants, therefore, request that the

18

1  court limit any discovery requests which relate in any way to plaintiffs' requests for

2  punitive damages to that type of discovery which is permitted to be taken from a criminal

3  defendant pursuant to the applicable Code of Civil Procedure.

4                         FOURTH AFFIRMATIVE DEFENSE

5          This answering defendant alleges that the complaint does not state facts sufficient

6  to justify "market share" liability as to the defendant.

7                          FIFTH AFFIRMATIVE DEFENSE

8          Any injuries or damages alleged in this action proximately resulted from the

9  negligence and careless conduct of employers of the person injured.  The recovery of

10  damages herein, if any, is barred or diminished to the extent worker's compensation

11  benefits have been or will be paid to such employee or heirs by any employer.

12                          SIXTH AFFIRMATIVE DEFENSE

13          Plaintiffs' claims are barred by the Doctrine of Estoppel.

14

15                        SEVENTH AFFIRMATIVE DEFENSE

16          At all times denying the allegations of plaintiffs' complaint, defendant is informed

17  and believe, and based upon said information and belief alleges, that plaintiffs voluntarily

18  and knowingly assumed the alleged risks and alleged hazards incident to the alleged

19  operations, acts and conduct at the times and places alleged in the complaint, and that

20  plaintiffs' acts proximately caused and contributed to the alleged injuries and damages, if

21  any such injuries or damages there were, or are.

22                         EIGHTH AFFIRMATIVE DEFENSE

23          The damages allegedly sustained by plaintiffs, if any, were caused solely by the

24  negligence or other legal fault of persons, including plaintiffs, other than this answering

25  defendant.  If defendant is in any way negligent or otherwise legally responsible, any

26  damages to which plaintiffs would otherwise be entitled should be reduced in proportion

27  to the amount of negligence or legal fault attributable to plaintiffs and other persons in

28  causing plaintiffs' injuries.

**ANSWER ON BEHALF OF VIAD CORP**

NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages, if any there were.

TENTH AFFIRMATIVE DEFENSE

This answering defendant received no notice of any dangerous, hazardous or defective condition or any breach of warranty, either express or implied.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant did commit the alleged acts with any of the alleged products which plaintiff alleges caused the injuries set forth in the complaint.

TWELFTH AFFIRMATIVE DEFENSE

If the products alleged in the complaint are found to have caused plaintiffs' injury, which injury defendant expressly denies, such products were stored, maintained, exposed, manufactured, supplied and/or distributed by others, and not defendant or the alleged alternate entities in a manner consistent with the state of the art applicable at the time.

THIRTEENTH AFFIRMATIVE DEFENSE

At all times relevant to the alleged conditions, conduct or injuries, plaintiff had or should have had notice and knowledge of the risks and dangers, if any, associated with such conditions, conduct and injuries as any such risk or danger was open, obvious and apparent to plaintiff, and that he appreciated the danger or risk, and voluntarily assumed any such danger or risk.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant had no duty to know about, protect against or warn of any alleged risk of harm from exposure to asbestos under the state of scientific and medical knowledge at the applicable time.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Laches.

SIXTEENTH AFFIRMATIVE DEFENSE

The applicable punitive damages statutes are unconstitutional because they violate

1  the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

2

3  SEVENTEENTH AFFIRMATIVE DEFENSE

4  Plaintiffs' claims for punitive damages are barred by the Due Process Clause of

5  Article 1, Section 7 and the Excessive Fines Clause of Article 1, Section 17 of the

6  Constitution of the State of California.

7  EIGHTEENTH AFFIRMATIVE DEFENSE

8  Plaintiffs' claims are barred by the Doctrine of Waiver.

9  NINETEENTH AFFIRMATIVE DEFENSE

10  Defendant is protected from the allegations brought in plaintiffs' complaint by

11  virtue of the Worker's Compensation Exclusive Remedy Doctrine of California Labor

12  Code section 3600, et seq.

13  TWENTIETH AFFIRMATIVE DEFENSE

14  Plaintiffs' claims are barred by the plaintiffs' implied assumption of the risks and

15  dangers, if any, associated with the alleged conditions, conduct or injuries set forth in

16  plaintiffs' complaint.

17  TWENTY-FIRST AFFIRMATIVE DEFENSE

18  The actions of this answering defendant were in conformity with the state of the

19  medical, industrial and scientific arts, such that there was no duty to warn decedent and/or

20  plaintiff under the circumstances, or to such an extent such a duty arose, defendant

21  provided adequate warnings, labels and/or instructions concerning the conditions or

22  products in question. If those warnings, labels and/or instructions were not heeded, it is the

23  fault of others and not of this answering defendant.

24  TWENTY-SECOND AFFIRMATIVE DEFENSE

25  This answering defendant made no representations to plaintiff. To the extent that

26  the alleged representations were made, they were made by persons and/or parties other

27  than this answering defendant.

28  TWENTY-THIRD AFFIRMATIVE DEFENSE

21

1    To the extent that any of the alleged representations were made to plaintiff, they

2  were not made with the intent to defraud or deceive plaintiff or to induce him to engage in

3  any alleged conduct.

4    TWENTY-FOURTH AFFIRMATIVE DEFENSE

5    Plaintiff did not rely on any other representations made by this answering

6  defendant. To the extent that the plaintiff did rely on any alleged representations, such

7  reliance was unjustified.

8    TWENTY-FIFTH AFFIRMATIVE DEFENSE

9    This answering defendant concealed no material facts nor made no affirmative

10  misrepresentation of fact to plaintiff. To the extent that any fact or facts were concealed

11  from plaintiff, such concealment was not made with the intent to defraud, deceive, or

12  mislead plaintiff to induce him to engage in any alleged conduct.

13    TWENTY-SIXTH AFFIRMATIVE DEFENSE

14  This answering defendant denies that it is liable for any acts, conduct, omissions or

15  products of any alleged predecessor entity.

16    TWENTY-SEVENTH AFFIRMATIVE DEFENSE

17    The plaintiffs' injuries and damages, if any, resulted from the failure of plaintiff to

18  use the safety equipment and/or safety precautions which may have been provided, warned

19  of, or made available to him.

20    TWENTY-EIGHTH AFFIRMATIVE DEFENSE

21    Defendant is entitled to a set-off from any and all sums recovered by or on behalf

22  of the plaintiff by way of any settlement, judgment, or otherwise which were or entered

23  into or received by plaintiff from any party or non-party to this action.

24    TWENTY-NINTH AFFIRMATIVE DEFENSE

25    Plaintiffs' claims are barred by the Doctrine of Release.

26    THIRTIETH AFFIRMATIVE DEFENSE

27    This answering defendant had no "actual knowledge" of the existence of a

28  dangerous condition on any premises in question; that plaintiff had contracted an

22

1  asbestos-related disease; that plaintiff were exposed to asbestos; or that friable asbestos

2  existed on the premises.

3  THIRTY-FIRST AFFIRMATIVE DEFENSE

4  Plaintiffs' claims are preempted by federal law.

5  THIRTY-SECOND AFFIRMATIVE DEFENSE

6  This answering defendant is immune from liability by way of the military

7  contractor defense.

8  THIRTY-THIRD AFFIRMATIVE DEFENSE

9  Plaintiffs' claims are barred for failure to join necessary parties to this action.

10  THIRTY-FOURTH AFFIRMATIVE DEFENSE

11  Plaintiffs' claims are barred by the doctrine of exclusive concurrent jurisdiction.

12  **OTHER DEFENSES**

13  This answering defendant reserves the right to allege other affirmative defenses as

14  they may become known during the course of discovery, and hereby specifically reserves

15  its rights to amend its answer to allege said affirmative defenses at such time as they

16  become known.

17  WHEREFORE, this answering defendant prays as follows:

18  1.    That plaintiffs take nothing by their complaint;

19  2.    For costs of suit incurred herein;

20  3.    For reasonable attorney's fees; and

21  4.    For such other and further relief as the Court may deem just and proper.

22

23

24

25

26

27

28

1

2                          **DEMAND FOR JURY TRIAL**

3           Defendant VIAD hereby demands trial by jury.

4

5    Dated: March ⎽⎽⎽, 2008                CHARTER DAVIS, LLP

6
                                   By: ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
7                                       Whitney A. Davis
                                        Attorneys for Defendant VIAD CORP,
8                                       individually and as Alleged
                                        Successor-in-Interest to Griscom-Russell
9                                       Company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        24

1  WHITNEY A. DAVIS, SBN 149523
   CHARTER DAVIS, LLP
2  Attorneys at Law
   1730 I Street, Suite 240
3  Sacramento, California 95814
   Telephone:    (916) 448-9000
4  Facsimile:    (916) 448-9009

5  Attorneys for VIAD CORP, Individually
   and as Alleged Successor-in-Interest
6  to Griscom-Russell Company

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11 ANNA PRICE, Individually, as Wrongful     )    Federal Case No. CV 08 0969 EDL
   Death Heir, and Successor-in-Interest to  )
12 DOYEL PRICE, Deceased, and DOYEL          )
   PRICE, PAMELA PRICE, and DAVID            )
13 PRICE, as Legal Heirs of DOYEL PRICE,     )    **DEFENDANT VIAD CORP'S**
   Deceased,                                 )    **CERTIFICATE OF INTERESTED**
14                                           )    **ENTITIES OR PERSONS**
                    Plaintiffs,              )
15                                           )
                                             )
16 vs.                                       )
                                             )
17 GENERAL ELECTRIC COMPANY,                 )
   CRAMP SHIPBUILDING AND                    )
18 DRYDOCK CO., NEW YORK                     )
   SHIPBUILDING CORP., VIAD CORP.,           )
19 and WARREN PUMPS, LLC                     )
                                             )
20                  Defendants.              )

21

22      Pursuant to Civil Local rule 3-16, the undersigned certifies that as of this date,

23 other than the named parties, there is no such interest to report.

24 Dated: March ⟳, 2008              CHARTER DAVIS, LLP

25

26                         By: _____
                                   Whitney A. Davis
27                                 Attorneys for Defendant VIAD CORP,
                                   individually and as Alleged
28                                 Successor-in-Interest to Griscom-Russell
                                   Company

                                   1

CASE NAME:       Anna Price v. General Electric, et al.
CASE NUMBER:     USDC Northern District of California No: CV 08 0969 EDL

## PROOF OF SERVICE

  I am a citizen of the United States and am employed in the County of Sacramento.  I am over the age of 18 years and not a party to the within cause; my business address is 1730 I Street, Suite 240, Sacramento, California 95814.

  On March 14, 2008, I served the within

**ANSWER OF VIAD CORP TO COMPLAINT FOR SURVIVAL,
WRONGFUL DEATH-ASBESTOS**

**DEFENDANT VIAD CORP'S CERTIFICATE OF INTERESTED
ENTITIES OR PERSONS**

on the parties in this cause as follows:

[X]  VIA ELECTRONIC SERVICE: Complying with General Order 45, my electronic business address is scl@charter-davis.com, and I caused such document(s) to be electronically served through the Pacer File & Serve system for the above-entitled case to the parties on the Service List maintained on Pacer File & Serve Website for this case.  The file transmission was reported as complete and a copy of the Pacer File and Serve Receipt will be maintained with the original document(s) in our office.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 14, 2008, at Sacramento, California.

_____
SUSAN C. LEON