1  James P. Cunningham, No. 121406
   John G. Lee, No. 238899
2  **CARROLL, BURDICK & McDONOUGH LLP**
   Attorneys at Law
3  44 Montgomery Street, Suite 400
   San Francisco, CA  94104
4  Telephone:     415.989.5900
   Facsimile:     415.989.0932
5  Email:         jcunningham@cbmlaw.com
                  jlee@cbmlaw.com
6
   Attorneys for Defendant
7  WARREN PUMPS, LLC

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  Anna Price, Individually, as Wrongful          No. CV 08 0969 SBA
    Death Heir, and as Successor-in-Interest
12  to Doyel Price, Deceased, and Doyel           **DEFENDANT WARREN PUMPS, LLC'S**
    Price, Pamela Price, and David Price, as      **ANSWER TO PLAINTIFFS' COMPLAINT FOR**
13  Legal Heirs of Doyel Price, Deceased,         **SURVIVAL, WRONGFUL DEATH –**
                                                  **ASBESTOS**
14              Plaintiffs,

15         v.

16  General Electric Company, Cramp
    Shipbuilding and Drydock Co., New
17  York Shipbuilding Corp., Viad Corp.,
    and Warren Pumps, LLC,
18
                Defendants.
19

20       For its Answer to the Complaint for Survival, Wrongful Death filed by

21  Plaintiffs, Defendant WARREN PUMPS, LLC ("answering Defendant"), answering

22  solely on its own behalf and for no other person or party, hereby files its Answer to

23  Complaint, and specifically denies any liability or fault whatsoever with respect to the

24  matters complained of in Plaintiffs' Complaint.

25       <u>**ANSWER TO SPECIFIC ALLEGATIONS OF PLAINTIFFS' COMPLAINT**</u>

26       1.     Answering Defendant is without sufficient knowledge or information to

27  form a belief as to the truth of the allegations contained in said paragraph, and on that

28  basis denies each and every allegation contained therein.

CBM-SF\SF399248.1

2.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

4.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6.    For purposes of this lawsuit only, answering Defendant admits that it is incorporated in a state outside the State of California and that it conducts business within the State of California.

7.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint regarding the state of Plaintiffs Anna Price, Doyel Price, Pamela Price, and David Price's residence.  Answering Defendant admits that it is incorporated in, and has its principal place of business within, a state other that the State of California.  Answering Defendant denies it is a corporation incorporated under the laws of, and having its principal place of business in New Jersey.  Answering Defendant lacks sufficient information or knowledge to either admit or deny that diversity jurisdiction is proper in this action due to the large number of non-joined yet necessary party defendants named in the pending state court action filed by Plaintiffs Anna Price, et al. in the United State District Court, Northern District of California.  Answering Defendant does allege that removal jurisdiction is proper over this action pursuant to 28 U.S.C. § 1442(a)(1) based on

1  military contractor immunity as set forth in Affirmative Defense Number 25, set forth

2  below.

3          8.     Answering Defendant is without sufficient knowledge or information to

4  form a belief as to whether a substantial part of the events or omissions which allegedly

5  give rise to the claims asserted by Plaintiff occurred within the County of San Francisco,

6  California.

7          9.     Answering Defendant denies the so-called "Alternate Entity" and other

8  material allegations contained in Paragraph 9 of Plaintiffs' Complaint.

9         10.    Answering Defendant denies the material allegations contained in

10  Paragraph 10 of Plaintiffs' Complaint, and specifically denies that it manufactured,

11  marketed or sold any asbestos or asbestos-containing product, as that term has been

12  defined by the Environmental Protection Agency and other authorities.  Answering

13  Defendant admits that some of the component part gaskets and packing in its pumps,

14  during certain years and in certain applications, may have contained some amount of

15  chrysotile asbestos.

16         11.    Answering Defendant denies the material allegations contained in

17  Paragraph 11 of Plaintiffs' Complaint, and specifically denies any failure of a legal duty

18  to warn.

19         12.    Answering Defendant denies the material allegations contained in

20  Paragraph 13 of Plaintiffs' Complaint, and specifically denies it breached any legal duty.

21         13.    Answering Defendant denies the material allegations contained in

22  Paragraph 13 of Plaintiffs' Complaint.

23         14.    Answering Defendant is without sufficient knowledge or information to

24  form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis

25  denies each and every allegation contained therein.

26         15.    Answering Defendant is without sufficient knowledge or information to

27  form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis

28  denies each and every allegation contained therein.  Answering Defendant specifically

1    denies that any act, omission, or conduct by it caused Plaintiffs' or Decedent's injuries, if

2    any.

3         16.   Answering Defendant admits that asbestos has been shown to cause

4    injury in certain situations and amounts.  Answering Defendant is without sufficient

5    knowledge or information to form a belief as to whether Decedent was injured as a result

6    of his exposure to asbestos, if any.

7         17.   Answering Defendant is without sufficient knowledge or information to

8    form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis

9    denies each and every allegation contained therein.

10        18.   Answering Defendant is without sufficient knowledge or information to

11   form a belief as to the truth of the allegations contained in Paragraph 18, and on that basis

12   denies each and every allegation contained therein.

13        19.   Answering Defendant is without sufficient knowledge or information to

14   form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis

15   denies each and every allegation contained therein.

16        20.   Answering Defendant is without sufficient knowledge or information to

17   form a belief as to the truth of the allegations contained in Paragraph 20, and on that basis

18   denies each and every allegation contained therein.

19        21    Answering Defendant denies the material allegations contained in

20   Paragraph 21 of Plaintiffs' Complaint.

21        22.   Answering Defendant denies the material allegations contained in

22   Paragraph 22 of Plaintiffs' Complaint.

23        23.   Answering Defendant denies the material allegations contained in

24   Paragraph 23 of Plaintiffs' Complaint.

25        24.   Answering Defendant denies the material allegations contained in

26   Paragraph 24 of Plaintiffs' Complaint.

27        25.   Answering Defendant denies the material allegations contained in

28   Paragraph 25 of Plaintiffs' Complaint.

1      26.    Answering Defendant incorporates by reference its specific averments in

2  its Answer to Complaint as contained in Paragraphs 1 through 25, above.

3      27.    Answering Defendant denies the material allegations contained in

4  Paragraph 27 of Plaintiffs' Complaint.

5      28.    Answering Defendant denies the material allegations contained in

6  Paragraph 28 of Plaintiffs' Complaint.

7      29.    Answering Defendant is without sufficient knowledge or information to

8  form a belief as to the truth of whether or not "exposed persons" knew of the danger of

9  using asbestos-containing products and whether the dangers were readily recognizable.

10  Answering Defendant denies the material allegations contained in Paragraph 29 of

11  Plaintiffs' Complaint.

12      30.    Answering Defendant denies the material allegations contained in

13  Paragraph 30 of Plaintiffs' Complaint.

14      31.    Answering Defendant denies the material allegations contained in

15  Paragraph 31 of Plaintiffs' Complaint.

16      32.    Answering Defendant denies the material allegations contained in

17  Paragraph 32 of Plaintiffs' Complaint.

18      33.    Answering Defendant denies the material allegations contained in

19  Paragraph 33 of Plaintiffs' Complaint.

20      34.    Answering Defendant denies the material allegations contained in

21  Paragraph 34 of Plaintiffs' Complaint.

22      35.    Answering Defendant denies the material allegations contained in

23  Paragraph 35 of Plaintiffs' Complaint.

24      36.    Answering Defendant denies the material allegations contained in

25  Paragraph 36 of Plaintiffs' Complaint.

26      37.    Answering Defendant incorporates by reference its specific averments in

27  its Answer to Complaint as contained in Paragraphs 1 through 25, above.

28

DEFENDANT WARREN PUMPS, LLC'S ANSWER TO COMPLAINT FOR SURVIVAL, WRONGFUL DEATH – ASBESTOS (NO. CV 08 0969 SBA)

1      38.    Answering Defendant is without sufficient knowledge or information to

2  form a belief as to the truth of the allegations contained in said paragraph, and on that

3  basis denies each and every allegation contained therein.

4      39.    Answering Defendant is without sufficient knowledge or information to

5  form a belief as to the truth of the allegations contained in said paragraph, and on that

6  basis denies each and every allegation contained therein.

7      40.    Answering Defendant denies the material allegations contained in

8  Paragraph 40 of Plaintiffs' Complaint.  Answering Defendant is without sufficient

9  knowledge or information to form a belief as to the date Plaintiffs became aware that

10  Decedent's death was caused by an alleged asbestos-related disease, and on that basis

11  denies each and every allegation contained therein.

12      41.    Answering Defendant is without sufficient knowledge or information to

13  form a belief as to the truth of the allegations contained in said paragraph, and on that

14  basis denies each and every allegation contained therein.

15      42.    Answering Defendant is without sufficient knowledge or information to

16  form a belief as to the truth of the allegations contained in said paragraph, and on that

17  basis denies each and every allegation contained therein.

18      43.    Answering Defendant is without sufficient knowledge or information to

19  form a belief as to the truth of the allegations contained in said paragraph, and on that

20  basis denies each and every allegation contained therein.

21      44.    Answering Defendant incorporates by reference its specific averments in

22  its Answer to Complaint as contained in Paragraphs 1 through 43, above.

23      45.    Answering Defendant denies the material allegations contained in

24  Paragraph 45 of Plaintiffs' Complaint and is without sufficient knowledge or information

25  to form a belief as to the truth of the allegations contained in said paragraph, and on that

26  basis denies each and every allegation contained therein.

27

28

## AFFIRMATIVE DEFENSES

As and for its separate, distinct, and affirmative defenses to Plaintiffs' Complaint, and to each cause of action thereof, this answering Defendant alleges as follows:

### FAILURE TO STATE A CAUSE OF ACTION

1.     Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against this answering Defendant.

### STATUTE OF LIMITATIONS

2.     Defendant alleges on information and belief that:

A.     Plaintiffs' Complaint is barred by the applicable statute of limitations pursuant to California Code of Civil Procedure sections 337, 338, 339, 340, 340.2, 343, 353.1, 361, and/or 474, and California Commercial Code section 2725; and/or

B.     The causes of action in Plaintiffs' Complaint arose outside the State of California, while Plaintiff was a non-resident, pursuant to the applicable statutes of limitations or statute(s) of repose where Plaintiff was then residing or working, and Plaintiff's Complaint is barred by the provisions of those statutes and by section 361 of the California Code of Civil Procedure.

### ASSUMPTION OF RISK

3.     Defendant alleges on information and belief that Decedent voluntarily and knowingly assumed the alleged risks and alleged hazards incident to the alleged operations, acts, and conduct at the times and places alleged in Plaintiffs' Complaint, and Decedent's said acts proximately caused and contributed to Decedent's alleged injuries and damages, if any there were.

### FAILURE TO FOLLOW WARNINGS

4.     On information and belief, Defendant alleges that Decedent was advised, informed, and warned of any potential hazards and/or dangers, if any there were, associated with the normal or foreseeable use, handling, and storage of the products,

1    substances, and equipment described in Plaintiffs' Complaint, and Plaintiff failed to

2    follow such warnings.

3                              **COMPARATIVE NEGLIGENCE**

4          5.    Defendant alleges upon information and belief that:

5                 A.    At the time and places mentioned in Plaintiffs' Complaint,

6    Decedent was careless and negligent in and about the matters alleged in said Complaint,

7    which carelessness and negligence caused and contributed, to the extent of one hundred

8    percent, to any injuries and damages allegedly sustained by Decedent, if any there were;

9    and

10                B.    In the event of any judgment or verdict in favor of Plaintiffs herein,

11    said judgment or verdict must be reduced to the extent that said carelessness and

12    negligence of Decedent caused or contributed to the alleged injuries and damages

13    allegedly sustained by Decedent and Plaintiffs, if any there were.

14                              **CONDUCT OF OTHERS**

15         6.    Defendant alleges that any loss, injury, or damage to Plaintiffs or

16    Decedent was proximately caused or contributed to by the negligent or other tortious acts,

17    omissions, and/or fault of other persons or entities which Defendant neither controlled nor

18    had the right to control, and that no particular damages of Plaintiff or Decedent was

19    caused by acts or omissions of this Defendant.

20                              **NOT A SUCCESSOR-IN-INTEREST**

21         7.    Defendant denies any and all liability to the extent that Plaintiffs assert

22    Defendant's alleged liability as a successor, successor in business, successor in product

23    line or a portion thereof, assign, predecessor, predecessor in business, predecessor in

24    product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned

25    by, or the whole or partial owner of or member in an entity researching, studying,

26    manufacturing, fabricating, designing, labeling, assembling, distribution, leasing, buying,

27    offering for sale, selling, inspecting, servicing, installing, contracting for installation,

28

1  repairing, marketing, warranting, rebranding, manufacturing for others, packaging and

2  advertising a certain substance, the generic name of which is asbestos.

### LACK OF LEGAL CAPACITY TO SUE

4       8.    Defendant alleges that Plaintiffs lack the legal capacity to sue and are not

5  a real party-in-interest.

### PROPOSITION 51

7       9.    Defendant alleges that there are other persons, parties and/or defendants

8  who are at fault and proximately caused Decedent's injuries, if any. If this answering

9  Defendant is responsible to Plaintiffs, which responsibility is expressly denied, this

10  answering Defendant is only liable for its proportionate share of non-economic damages,

11  if any, as set forth in California *Civil Code* section 1431.2.

### MODIFICATION/ALTERATION OF PRODUCT

13      10.   On information and belief, Defendant alleges that the products which

14  allegedly injured Decedent were altered, changed, or otherwise modified by parties,

15  individuals, or entities other than this answering Defendant, and said modifications,

16  changes or alterations were a proximate cause of the damages alleged by Plaintiff or

17  Decedent, if any there were.

### MISUSE AND ABUSE

19      11.   Prior to and at the time of the alleged injuries, on information and belief,

20  Defendant alleges that the products which allegedly injured Decedent were misused and

21  abused and were not being used in the manner in which they were intended to be used.

22  Such misuse and abuse caused and contributed to the injuries and damages complained of

23  by Plaintiffs, if any there were.

### SPOLIATION OF EVIDENCE

25      12.   On information and belief, Defendant alleges that Plaintiff and/or

26  Plaintiffs' agents negligently or intentionally failed to preserve, and permitted the

27  spoliation of, material evidence, including but not limited to the products which Plaintiff

28  alleges give rise to Plaintiffs' Complaint herein. Such conduct bars Plaintiffs' action

CBM-SF\SF399248.1

-9-

1  and/or gives rise to liability on the part of Plaintiff for damages payable to this answering

2  Defendant.

### NOT A SUBSTANTIAL FACTOR

4      13.    Defendant alleges on information and belief that Decedent was not

5  exposed to any product distributed by Defendant that was a substantial factor in causing

6  any injury, damage, or loss complained of, and, therefore, this Defendant may not be held

7  liable to Plaintiff as alleged.

### NO EXPOSURE

9      14.    Defendant alleges on information and belief that Decedent was not

10  exposed to a product distributed by Defendant, and if he was, such exposure was so

11  minimal as to be insufficient to cause the injury, damage, or loss complained of.

### FAILURE TO MITIGATE DAMAGES

13      15.    Defendant alleges that Plaintiffs failed to mitigate their losses, injuries, or

14  damages and is barred from recovering any damages which could have been avoided by

15  reasonable mitigation efforts.

### LACK OF NOTICE

17      16.    Defendant alleges that Plaintiffs failed to give reasonable, timely,

18  sufficient and adequate notice to this answering Defendant of the alleged liability, damage

19  or injury, if any.

### LACHES

21      17.    Defendant alleges that Plaintiffs unreasonably delayed in the bringing of

22  this action, without good cause therefore.  Said delay has directly resulted in prejudice to

23  this answering Defendant, and, therefore, this action is barred by laches.

### UNCLEAN HANDS

25      18.    Defendant alleges that Plaintiffs are precluded from maintaining any

26  cause of action against this answering Defendant because Plaintiffs' actions preclude

27  equitable relief under the doctrine of unclean hands.

28

1

### SOPHISTICATED USER

2        19.   At all times relevant hereto, Defendant alleges that Decedent's employer

3  or employers, by reason of the advice, information, warnings, and use, handling, and

4  storage information given to them, and by reason of their own long-standing and

5  continuous experience with the products, substances, and equipment referred to in

6  Plaintiffs' Complaint, are and were sophisticated users, handlers, and storers of any and

7  all such products, substances, and equipment and thereby acquired a separate and

8  affirmative duty to warn, advise and inform Decedent of any potential harmful effects

9  from the mishandling, misstorage and/or misuse of the subject product, if any.  Said

10  employer's failure to so provide and/or so warn Decedent was a superseding and

11  intervening cause of Decedent or Plaintiffs' injuries, if any there were.

12

### NO WARRANTY

13        20.   This answering Defendant gave no warranties, either express or implied,

14  to Plaintiffs, and neither Plaintiff nor anyone else ever notified this answering Defendant

15  of any claim of breach of warranty resulting in Plaintiff's alleged injuries.

16

### LACK OF PRIVITY

17        21.   At all times and places mentioned in Plaintiffs' Complaint, Defendant

18  alleges that Plaintiff or Decedent was not in privity of contract with this answering

19  Defendant and said lack of privity bars Plaintiffs' recovery herein upon any theory of

20  warranty.

21

### VAGUENESS OF DEFECT STANDARDS

22        22.   The State of California's judicially created definitions of

23  "manufacturing" and "design defects" and the standards for determining whether there has

24  been an actionable failure to warn are unconstitutional in that, among other things, they

25  are void for vagueness and place an undue burden upon interstate commerce, as well as

26  constitute an impermissible effort to regulate in an area that has previously been

27  preempted by the federal government.

28

DEFENDANT WARREN PUMPS, LLC'S ANSWER TO COMPLAINT FOR SURVIVAL, WRONGFUL DEATH – ASBESTOS (NO. CV 08 0969 SBA)

1

### NO MARKET SHARE OR ENTERPRISE LIABILITY

2    23.    Defendant alleges on information and belief that each and every cause of

3 action of Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action

4 under *Sindell*, "market share", or any theory of enterprise liability. Defendant further

5 alleges on information and belief that Plaintiff has failed to join as Defendants in this

6 action the producers of a substantial market share of the product or products which

7 allegedly injured Plaintiffs.

8

### WORKERS' COMPENSATION — EXCLUSIVE REMEDY

9    24.    Defendant alleges on information and belief that:

10    A.    Plaintiffs have received or will receive disability and medical

11 benefits under a workers' compensation law, or similar laws, from Decedent's employers

12 or former employers or their workers' compensation or similar insurers, on account of the

13 injuries and damages allegedly sustained by Decedent which give rise to this lawsuit, if

14 any there were and therefore Plaintiffs' claim is barred by the statue of limitations per 45

15 U.S.C. section 56 and the exclusive remedy provisions of California *Labor Code* section

16 3601, et seq.;

17    B.    At the time of any alleged injury, each and every of Decedent's

18 employers and former employers was careless and negligent in and about the matters

19 alleged in Plaintiffs' Complaint, and said carelessness and negligence of each and every of

20 said employers contributed directly and proximately to any alleged injuries or damages

21 sustained by Plaintiff or Decedent and/or any or all of said employers; and

22    C.    Any judgment or verdict that might be rendered in favor of

23 Plaintiffs herein should be reduced by the amount of all such payments by said employers

24 or insurers, and that each of said employers or insurers should be barred from any

25 recovery by lien or otherwise in connection with this matter under the authority of *Witt v.*

26 *Jackson*, 57 Cal.2d 57 [17 Cal.Rptr. 369, 360 P.2d 641] (1961).

27

28

## GOVERNMENT SPECIFICATIONS

25.   Defendant alleges that it acted solely under the specifications of the U.S. government and properly performed all work thereunder according to such specifications and that this Defendant is therefore immune to suit under the government contract doctrine as set forth in *Boyle v. United Tech. Corp.* (1988) 487 U.S. 500, and *Sundstrom v. McDonnell Douglas Corp.* (N.D. Cal. 1993) 816 F.Supp. 587; any defect in said products was caused by deficiencies in the specifications supplied to Defendant, which deficiencies were neither known nor discoverable to Defendant with the exercise of reasonable care.

## STATE OF THE ART

26.   The state of the medical, scientific, and industrial knowledge and practices was at all material times such that this answering Defendant neither breached any alleged duty owed to Plaintiffs, nor knew, or could have known, that the product(s) it allegedly distributed presented a foreseeable risk of harm to Plaintiffs or Decedent in the normal and expected use of such a product.  Any products, substances, or equipment manufactured, formulated, sold, or distributed by this answering Defendant were made consistent with the state of the art applicable to said products, substances, or equipment at the time of their manufacture, sale, formulation, or distribution.

## APPLICABLE LAW

27.   Defendant alleges that as between Plaintiffs and this answering Defendant, the law applicable to this action is the law as it existed during the period this answering Defendant engaged, if at all, in the distribution or sale of the product which Plaintiffs claim caused injury.  It is unlawful, inequitable, and in violation of this answering Defendant's contractual, statutory, and constitutional rights to apply principles of law other than or in a manner different from those which existed for the period in which this answering Defendant sold or distributed the products to which Plaintiffs claim exposure.

1

**OFFSET**

2      28.    This answering Defendant is entitled to an offset regarding all settlements

3   entered into, or to be entered into between Plaintiff and any person or entity, including

4   Defendants, relating to their claims and allegations in this proceeding.

5

**FAILURE TO JOIN NECESSARY/INDISPENSABLE PARTIES**

6      29.    Defendant alleges Plaintiff failed to join necessary and/or indispensable

7   parties pursuant to *Federal Rule of Civil Procedure* 19.

8

**PUNITIVE DAMAGES — FAILURE TO STATE A CAUSE OF ACTION**

9      30.    Defendant alleges that the Complaint in its entirety, and each cause of

10   action therein, fails to state a cause of action against Defendant for punitive or exemplary

11   damages.

12

**UNCONSTITUTIONALITY OF PUNITIVE DAMAGES**

13      31.    Defendant alleges that, to the extent that it seeks exemplary or punitive

14   damages pursuant to California *Civil Code* section 3294, the Complaint violates

15   Defendant's right to procedural due process under the Fourteenth Amendment of the

16   United States Constitution, and Article I, section 7, of the California State Constitution,

17   and therefore fails to state a cause of action upon which either punitive or exemplary

18   damages can be awarded.

19

**PUNITIVE DAMAGES — EXCESSIVE FINES**

20      32.    Defendant alleges that, to the extent that it seeks punitive or exemplary

21   damages pursuant to California *Civil Code* section 3294, the Complaint violates

22   Defendant's right to protection from "excessive fines" as provided in the Eighth

23   Amendment of the United States Constitution and Article I, section 17 of the Constitution

24   of the State of California, and violates Defendant's right to substantive due process as

25   provided in the Fifth and Fourteenth Amendments of the United States Constitution and

26   the Constitution of the State of California, and therefore fails to state facts sufficient to

27   support an award of either punitive or exemplary damages.

28

1

### VIOLATION OF COMMERCE CLAUSE

2      33.    Defendant alleges that the Commerce Clause of the United States

3  Constitution, U.S. Const. art. I, section 8, cl. 3, precludes the application of a state statute

4  to commerce that takes place wholly outside of a state's borders, whether or not the

5  commerce has effects within the state; and protects against inconsistent legislation arising

6  from the projection of one state regulatory regime into the jurisdiction of another state.

7

### PLEAS IN ABATEMENT

8      34.    Defendant alleges as pleas in abatement:

9          A.    That another action is pending involving the same cause of action

10  and the same Plaintiffs; and

11          B.    That Plaintiffs have improperly failed to join parties in this action.

12      WHEREFORE, this answering Defendant prays for judgment and relief as

13  follows:

14

### PRAYER

15      1.    That Plaintiffs take nothing by reason of Plaintiff's Complaint on file

16  herein;

17      2.    For judgment in favor of this answering Defendant and against Plaintiffs

18  on each and every cause of action of Plaintiffs' Complaint;

19      3.    That this answering Defendant be awarded its costs of suit;

20      4.    That this answering Defendant be awarded appropriate credits;

21      5.    That this answering Defendant be awarded appropriate credits and setoffs

22  arising out of any payment of workers' compensation settlements as alleged above; and

23

24

25

26

27

28

6.     That this answering Defendant be awarded such other and further relief as the Court may deem proper and equitable.

Dated: April 3, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____

John G. Lee
Attorneys for Defendant
WARREN PUMPS, LLC

CBM-SF\SF399248.1

-16-

*Anna Price, et al. v. General Electric Company, et al.*
United States District Court,
Northern District of California Action No. CV 08 0969 SBA

### PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

      I, the undersigned, declare: that I am, and was at the time of service of the documents herein referred to, over the age of 18 years, and am not a party to the action; and I am employed in the County of San Francisco, California. My business address is 44 Montgomery Street, Suite 400, San Francisco, California 94104.

      On the date executed below, I electronically served the document(s) described as:

### DEFENDANT WARREN PUMPS, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT FOR SURVIVAL, WRONGFUL DEATH – ASBESTOS

on recipients designated on the United States District Court, Northern District of California's website.

      I declare under penalty of perjury pursuant to the laws of the State of California, that the foregoing is true and correct, and was executed on April 3, 2008 at San Francisco, California.

Margaret Foley
_____
Margaret Foley

CBM-SF\SF399278

**PROOF OF SERVICE BY ELECTRONIC TRANSMISSION**